**Kathleen WHEALEN, Plaintiff–
Appellee,**

v.

**HARTFORD LIFE & ACCIDENT IN-
SURANCE COMPANY; Allstate In-
surance Company Long Term Disabil-
ity Plan, Defendants–Appellants.**

**Kathleen Whealen, Plaintiff–Appellee,**

v.

**Hartford Life & Accident Insurance
Company; Allstate Insurance Compa-
ny Long Term Disability Plan, Defen-
dants–Appellants.**

Nos. 07–56249, 07–56484.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).
** The Honorable Eugene E. Siler, Jr., Senior
  United States Circuit Judge for the Sixth Cir-
  cuit, sitting by designation.

*** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

Submitted Sept. 2, 2009.*

Filed Sept. 16, 2009.

Glenn R. Kantor, Kantor & Kantor, LLP, Northridge, CA, for Plaintiff–Appellee.

Edith Sanchez Shea, Esquire, Burke, Williams & Sorensen, LLP, Los Angeles, CA, for Defendants–Appellants.

Before: FERNANDEZ and GOULD, Circuit Judges, and ENGLAND,** District Judge.

## MEMORANDUM***

Hartford Life & Accident Insurance Company and Allstate Insurance Company Long Term Disability Plan ("Plan") appeal the district court's judgment awarding long term disability benefits to Kathleen Whealen. We affirm.

The district court did not err when it determined that it was required to apply skeptical abuse of discretion review to Hartford's decision to terminate Whealen's long term disability benefits under the Plan. *See Metro. Life Ins. Co. v. Glenn,* —— U.S. ——, ——, 128 S.Ct. 2343, 2350–51, 171 L.Ed.2d 299 (2008); *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 968–69 (9th Cir.2006) (en banc); *see also Pannebecker v. Liberty Life Assur. Co. of Boston,* 542 F.3d 1213, 1218 (9th Cir.2008). Nor did the district court err in determining that Hartford wrongfully reached its decision to terminate those benefits when it arbitrarily failed to credit the reliable evidence of Whealen's physical and cognitive problems.[1] *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 879 (9th Cir.2004), *abrogated in part by Abatie,* 458 F.3d at 969; *Booton v. Lockheed Med. Benefit Plan,* 110 F.3d 1461, 1465 (9th Cir.1997); *see also Saffon v. Wells Fargo & Co. Long Term Disability Plan,* 522 F.3d 863, 872–73 (9th Cir. 2008).

Finally, the district court did not err when it determined that Whealen was the prevailing party and awarded attorney's fees to her. *See Carpenters Health & Welfare Trust v. Vonderharr,* 384 F.3d 667, 674 (9th Cir.2004).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We, of course, agree that the opinions of Whealen's physicians were not entitled to special deference. *See Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 829, 123 S.Ct. 1965, 1969, 155 L.Ed.2d 1034 (2003). That does not mean that Hartford could arbitrarily reject what those physicians had to say. *Id.* at 834, 123 S.Ct. at 1972.